FRANK HENRY *v.* LOUISVILLE ROLLING MILL COMPANY.

**Landlord and Tenant—Lease—Record of.**

A lease recorded in the bond and power of attorney book, where sales of personal property or mortgages of personal property are recorded, is not notice to a purchaser of the leased premises without actual knowledge of the lease.

APPEAL FROM LOUISVILLE CHANCERY COURT.

November 11, 1873.

OPINION BY JUDGE PRYOR:

It is not necessary to determine whether the lease to Burns was a recordable instrument or not, as the evidence clearly shows that by the act of the parties to that instrument, the ap-

pellant, who was an innocent purchaser for a valuable consideration, could have had no constructive notice of its existence. The manner in which the instrument is drafted and the name by which it is designated both by the lessor and lessee, misled the clerk and caused him to record it in bond and power of attorney book, where sales of personalty or mortgages of personalty are recorded. This writing thus recorded and lodged for record with the writing to be entered in the book, where, in tracing the title to real estate, no one ever looks, should not be regarded as notice to purchasers of the existence of a lien, if any was retained. If the interest leased by Merrell was even subject to the debt, we can not see how the chancellor could extend the lien so as to embrace another lease by the terms of which no lien for the $250.00 is pretended to exist. All the buildings on the property passed by the sale of the property to the appellant; and although the evidence shows that he was the only party not in fault, still the chancellor compels him to pay the debt. The matters on the cross-petition of Burns against Wilson were not disposed of by the court below, for the reason that the chancellor entertained the opinion that the property was liable for the amount of the note. Burns claims that, by the contract between himself and Wilson, Wilson was to pay this debt. Whether the evidence sustained him in this, we do not now adjudge, as that branch of the case is not before us on the appeal, and has not been considered. The judgment of the court below, so far as it subjects the property sold Henry to the payment of the debt, is reversed and the cause remanded with directions to dismiss the original and cross-petitions as against Henry. The cross-petition of Burns may be retained for further adjudication, upon which additional proof should be heard, if offered.

*Sweeney & Abbott, for appellant.*

*Bullitt, for appellee.*